IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN E. WRIGHT,<br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br>　　　　　　　Defendant. | 4:16CV3026<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 38. The plaintiff requests attorney fees under § 406(b) in the amount of $18,928.25, which is twenty-five percent of the back benefits awarded to the plaintiff, presently being withheld in anticipation of direct payment of an authorized attorney fee.

I.　FACTS

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration denying the plaintiff's application for Social Security Disability ("Disability") and Supplemental Security Income ("SSI") benefits under pursuant 42 U.S.C. §405(g). On February 23, 2016, Mr. Wright filed his Complaint in this matter. On November 1, 2016, this Court reversed the final decision of the Commissioner and remanded this matter for further administrative action consistent with the order of remand. After a subsequent hearing and review of the record and with testimony of a vocational expert, Administrative Law Judge ("ALJ") Jan E. Dutton, entered a fully favorable decision for the plaintiff on July 19, 2018. The ALJ did not

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, for a six-year term that expires on January 19, 2025. He is substituted for Carolyn W. Colvin, former Commissioner, and/or Nancy A. Berryhill, former acting Commissioner, as Defendant.

authorize a fee for administrative proceedings under 42 U.S.C. § 406(a). The plaintiff moved for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and that motion was granted. Filing No. 35. Attorney fees in the amount of $6,484.80 were awarded. *Id.*

In support of his motion, the plaintiff has shown that on or about April 18, 2013, he entered into a fee agreement with counsel, Warren L. Reimer, providing for a contingency fee of twenty-five percent of past due benefits. Filing No. 38-1, Ex. A, Contingent Fee Agreement. On October 29, 2018, the Commissioner provided information that 25% of the plaintiff's past due benefits, in the amount of $18,928.25, is being withheld in anticipation of direct payment of an authorized attorney's fee. Filing No. 38-2, Ex. B, Notice.

The plaintiff has also shown that counsel expended 33.6 hours in district court. Filing No. 38-3, Ex. C, timesheet. Also, the plaintiff agrees that counsel's requested fee of $18,928.25 is reasonable for the work performed, with the understanding that, if fees are awarded under § 406(b), he will be refunded the smaller of the amount of the EAJA fee or the § 406(b) fee. Filing No. 38-4, Ex. D, plaintiff's response. Further, counsel agrees to refund to the plaintiff the amount of the EAJA fee ($6,484.80) if this motion is granted. Filing No. 38, Motion at 2. Defendant Commissioner has filed no objection or other response to the motion.

II.   LAW

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that

attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is *per se* unreasonable. See *id.*; 42 U.S.C. § 406(b)(1)(A); *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that the twenty-five percent cap in § 406(b)(1)(A) (for representation before the agency) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) (for and (b)). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Id.* Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by

counsel. *Id.* at 807-08; see *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017). A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

III. DISCUSSION

The Court has conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result in this particular case, in light of the character of the representation

4

and the results achieved. The requested fee is not unreasonable based upon the agreement of the parties, the time expended in the District Court and the results obtained. Recovery of $18,929.25 under § 406(b), less the smaller EAJA award of $6,484.80, or $12,443.45, does not represent a windfall to a successful claimant's attorney, nor is it the amount of benefits awarded inordinately large in comparison to the amount of time counsel spent on the case. Though the fees recovered amount to an hourly fee at the high end of fees in this community, the award is not totally out of line for work of this complexity by an attorney with comparable experience. Moreover, there is no duplication of time that was the basis for the fees awarded by the agency for the proceedings before the ALJ because no such fees have been authorized. Accordingly, the Court will award $18,928.25 to the plaintiff under 42 U.S.C. § 406(b)(1).

IT IS ORDERED

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 26) is granted.

2. The plaintiff is awarded $18,928.25 under 42 U.S.C. § 406(b)(1).

3. Counsel shall refund to plaintiff the EAJA fee, $6,484.80.

4. A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 25th day of June 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge